UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERGO LICENSING, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-259-P-S |
| | ) | |
| CARDINAL HEALTH, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

The plaintiff, Ergo Licensing, LLC, seeks leave to conduct jurisdictional discovery before responding to defendant Cardinal Health, Inc.'s motion to dismiss for lack of personal jurisdiction (Docket No. 30). I grant the motion.

*1. The Parties' Jurisdictional Arguments*

The plaintiff asserts that the information necessary to establish this court's personal jurisdiction over Cardinal Health, Inc., a Delaware corporation, First Amended Complaint (Docket No. 20) ¶ 3, is not available from public sources. Motion for Jurisdictional Discovery and Extension of Time to Oppose Motion to Dismiss Cardinal Health, Inc. ("Motion") (Docket No. 42) at 2. Cardinal Health, Inc.'s motion to dismiss asserts that it "lacks the necessary 'minimum contacts' with the state of Maine to satisfy . . . constitutional due process." Defendant Cardinal Health, Inc.'s Motion to Dismiss (Docket No. 30) at 1. Cardinal Health, Inc.'s assertion puts the burden on the plaintiff to establish that this court may exercise personal jurisdiction over

1

Cardinal Health, Inc.  *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

The plaintiff points to a press release issued by Cardinal Health, Inc., in December 2007 that mentions the product which the plaintiff contends infringes on its patent.  Motion at 2.  The press release says, *inter alia*, that Cardinal Health, Inc. "is an $87 billion, global company serving the health-care industry" and that "[w]ith a focus on making supply chains more efficient . . . Cardinal Health develops market-leading technologies, including Alaris IV pumps[.]"  *Id*. at 2-3.  The plaintiff asserts that Cardinal Health, Inc., in its annual reports to the Securities and Exchange Commission and to its shareholders, "regularly describes its extensive manufacturing and sales activities, including making and selling the accused Alaris system."  *Id*. at 3.  The plaintiff expects that jurisdictional discovery will show that some of the sales of the Alaris system occurred in Maine.  *Id*. at 3-4.

The plaintiff also points out that the chief executive officer of the other defendant, Cardinal Health 303, Inc., a wholly-owned subsidiary of Cardinal Health, Inc., also serves as an executive officer of Cardinal Health, Inc., and that three of the individuals who submitted sworn declarations in support of Cardinal Health, Inc.'s motion to dismiss are current or former executives of Cardinal Health, Inc. "who control the day to day operations of Cardinal Health 303, Inc."  *Id*. at 4.  The plaintiff alleges that Cardinal Health, Inc. "had a substantial role in deciding to continue making and selling the accused Alaris systems after receiving written notice from the inventor" of the patent at issue, and that jurisdictional discovery will show that Cardinal Health, Inc. "has complete control over all of its subsidiaries, . . . so that the sales of the accused Alaris systems in Maine should be attributed to Cardinal Health, [Inc.,] thus subjecting it to personal jurisdiction here."  *Id*. at 5.

Cardinal Health, Inc. responds that it has submitted declarations to the effect that it does not manufacture or sell the Alaris products, so jurisdictional discovery would not be useful. Cardinal Health, Inc. and Cardinal Health 303, Inc.'s Opposition to Ergo Licensing LLC's Motion for Jurisdictional Discovery ("Opposition") (Docket No. 44) at 2. It emphasizes that the two defendants "are separate and distinct corporate entities" and that the plaintiff's "assertions that [Cardinal Health, Inc.] has complete control over [Cardinal Health 303, Inc.] are unfounded." *Id*. at 3, 4. It also argues that deciding to continue to make and sell the Alaris systems "is not an act of patent infringement," making the requested discovery irrelevant. *Id*. at 5.

However, as the plaintiff points out, Reply in Support of Motion for Jurisdictional Discovery ("Reply") (Docket No. 45) at 2, deciding to infringe is an element of a defendant's "objective recklessness" which may lead to enhanced liability. *See, e.g., In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). It is also possible that a defendant may induce infringement though its website, *Renhcol, Inc. v. Don Best Sports*, 548 F.Supp.2d 356, 365 (E.D. Tex. 2008), which the plaintiff alleges may have occurred in this case. Reply at 2-3. In addition, the plaintiff has offered evidence that the lawyer for Cardinal Health, Inc. filed an application for Cardinal Health 303, Inc. to do business in Maine. *Id*. at 4.

## 2. The Plaintiff's Colorable Case

A court may allow jurisdictional discovery when a plaintiff suing an out-of-state corporation makes a colorable case for the existence of personal jurisdiction. *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007). The caselaw of the United States Court of Appeals for the Federal Circuit controls on the question of whether the exercise of personal jurisdiction comports with federal due process standards. *Talarico v. Marathon Shoe Co*., 2001

WL 366346 (D. Me. Apr. 12, 2001), at *1 n.2.  Pursuant to that caselaw, the plaintiff makes a colorable case for the existence of personal jurisdiction here.

In *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998), one of the two defendants was a holding company created as a wholly-owned subsidiary of the other defendant to hold its intellectual property.  *Id*. at 1267.  The holding company moved to dismiss the action, by which the plaintiff sought a declaratory judgment that it was not infringing a particular patent held by the holding company, on the grounds, *inter alia*, that the court in which the action had been brought lacked personal jurisdiction over it.  *Id*. at 1268.  The district court agreed.  *Id*. at 1269.  The Federal Circuit reversed, noting that the agents of the defendants who engaged in the licensing negotiations between the parties all were employed by or held positions at both companies and that the licensing agreement between the defendants specified that the power to negotiate a sublicense or to instigate litigation rested with the subsidiary corporation.  *Id*. at 1270.  The court held that the actions of these individuals were thus attributable to the subsidiary holding company.  *Id*.  When this conclusion was coupled with the facts that the parent corporation was licensed by the subsidiary to make and sell the products covered by the patent at issue; that the parent maintained sales agents in the forum state; that the parent derived substantial revenue from sales in the forum state; and, that the subsidiary had attempted to negotiate a sublicense with the plaintiff in the forum state, the court held that the imposition of personal jurisdiction over the subsidiary holding company in the forum state was justified.  *Id*. at 1271.

Also important to the Federal Circuit in *Dainippon* was the policy conclusion that creation of a wholly-owned subsidiary "cannot fairly be used to insulate patent owners from defending declaratory judgment actions in those fora where its parent company operates under

the patent and engages in activities sufficient to create personal jurisdiction[.]" *Id*. In the case at hand, the plaintiff alleges that Cardinal Health, Inc. seeks to use its wholly-owned subsidiary to insulate it from an action for infringement of a patent of which it is alleged to have had specific, written notice. While it is true that the factual situations differ to a degree, that difference is not sufficient to deprive the *Dainippon* decision of instructive value for the instant case.

The defendants offer little more than conclusory assertions in their opposition to the plaintiff's motion. The plaintiff has made the necessary colorable case for the exercise of personal jurisdiction over Cardinal Health, Inc. and must be allowed to conduct limited jurisdictional discovery in support of its claim. The defendants have not objected to the timetable for such discovery proposed by the plaintiff, which I hereby adopt.

The plaintiff's motion for leave to take jurisdictional discovery is **GRANTED**, as follows:

1) the plaintiff will serve one set of interrogatories, limited to no more than 20 questions, counting subparts, and one set of document requests, upon each defendant within five days of the date of this memorandum decision; 2) the defendants will serve responses to the plaintiff's written discovery requests within 30 days of receipt; 3) the plaintiff may conduct one deposition of a corporate designee of each defendant under Fed. R. Civ. P. 30(b)(6) (a total of no more than two depositions not to exceed five hours within one day each) within 20 days after receiving the defendants' responses to its discovery requests; and 4) the plaintiff will file a response to the motion of Cardinal Health, Inc. to dismiss within 21 days after completing the depositions. If no depositions are to be conducted, the plaintiff will so notify the defendants and the court not more than 10 days after receiving the defendants' responses to its written discovery requests, and its response to the motion to dismiss shall be filed not more than 21 days thereafter.

The plaintiff is directed to inform the Clerk's Office as each of these four discovery steps is completed.

Dated this 5th day of March, 2009.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge
