UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ERGO LICENSING, LLC,           )
                               )
          Plaintiff            )
                               )
v.                             )    Civil No. 08-259-P-S
                               )
CAREFUSION 303, INC.,          )
                               )
          Defendant            )

## RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant, CareFusion 303, Inc., has filed its second motion to dismiss in this patent infringement case, this one coming after the close of discovery. In this motion, the defendant contends that the plaintiff lacks standing to bring this action, depriving this court of subject matter jurisdiction. Defendant CareFusion 303, Inc.'s Motion to Dismiss Plaintiff Ergo Licensing LLC's First Amended Complaint Under FRCP 12([b])(1) ("Motion") (Docket No. 117), at 1. I recommend that the court deny the motion.

### I. Applicable Legal Standard

The motion invokes Fed. R. Civ. P. 12(b)(1). *Id*. When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996). The moving party may use affidavits and other matter to support the motion, while the plaintiff may establish the existence of subject-matter jurisdiction through extra-pleading material. 5B C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 159-60 (3d ed. 2004); *see also Aversa*, 99 F.3d at 1210; *Hawes v. Club Ecuestre el Comandante*, 598 F.2d 698, 699 (1st Cir. 1979)

(question of jurisdiction decided on basis of answers to interrogatories, deposition statements, and an affidavit).

## II. Factual Background

The relevant factual background of this patent infringement case is set forth in my recommended decision on the defendant's first motion to dismiss and need not be repeated here. *See* Docket No. 65.[1]

## III. Discussion

The defendant begins by asserting that "[t]hrough discovery, CareFusion has learned that Ergo is one of several licensees to the U.S. Patent No. 5,507,412 ('the '412 patent') and that Ergo's rights are narrower than originally thought." Motion at 1. More specifically, it contends that Ergo, as "merely" a licensee of the patent, "never had sufficient rights" in the patent "to allow it to bring this suit." *Id*. at 5. According to the defendant, a licensee of a patent may only bring suit for infringement of the patent if that licensee has been assigned all of the rights of the owner of that patent. *Id*.

Here, the defendant says, the patent owner, Uvo Hölscher, gave Ergo only a limited license, because the license was subject to existing licensing obligations; terminated before the expiration date of the patent; expressly retained for Hölscher the right to consent to any assignment of Ergo's rights and to grant licenses to another manufacturer, Drägerwerk; and was silent as to other rights. *Id*. The plaintiff does not appear to dispute these characterizations of the terms of the original Ergo license.

On March 19, 2010, four days after the filing of the motion to dismiss here at issue, the plaintiff and Hölscher executed an amendment to the license agreement making the termination

---

[1] At the time I issued that recommended decision, the defendant was known as Cardinal Health 303, Inc. *See* Docket Nos. 86 & 89.

date of the original agreement the same as the date of the expiration of the patent, making the agreement irrevocable, and giving Ergo the right to assign its rights under the agreement without Hölscher's consent. Amendment to License Agreement, Exh. H to Declaration of James G. Goggin in Support of Plaintiff Ergo Licensing, LLC's Opposition to Defendant CareFusion 303, Inc.'s Motion to Dismiss Ergo Licensing LLC's First Amended Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Goggin Declaration") (Docket No. 129). The amendment does not address the first and last of the deficiencies alleged by the defendant with respect to Ergo's standing, that the license was subject to existing licensing obligations and silent as to other rights. The defendant addresses its reply brief only to those two alleged deficiencies, and I will similarly limit my discussion.

> Standing in a patent infringement case is derived from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" comprises "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). An exclusive licensee may bring suit in its own name if the exclusive licensee holds "all substantial rights" in the patent. An exclusive licensee that does not have all substantial rights has standing to sue third parties only as a co-plaintiff with the patentee.
>
> * * *
>
> To determine whether an agreement transfers all or fewer than all substantial patent rights, a court must ascertain the intention of the parties and examine the substance of what was granted by the licensing agreement.

*Intuitive Surgical, Inc. v. Computer Motion, Inc.*, 214 F.Supp.2d 433, 439 (D. Del. 2002) (case citations and some internal quotation marks omitted).

With respect to the defendant's argument that the earlier license granted by Hölscher to Baxter International bars Ergo from bringing this action by itself, Motion at 2, 9-10, in support of which it cites *Intuitive*, *Great Lakes Intellectual Property Ltd. v. Sakar Intern'l, Inc.*, 516

F.Supp.2d 880, 890-91 (W.D. Mich. 2007), and *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F.Supp.2d 508 (E.D.Va. 2000), the case law does hold that, in such circumstances, the licensee may only bring suit for infringement if the owner of the patent is a co-plaintiff. The case law cited by the plaintiff in its opposition does deal, as the plaintiff carefully says, with the question of whether the license may be considered "exclusive" under these circumstances, but the answer to that question does not determine, as the plaintiff apparently hopes the court will assume, that an "exclusive" licensee necessarily has the power to bring suit for infringement without joining the patent owner as co-plaintiff. In fact, as the cited case law makes clear, even an "exclusive" licensee is generally allowed to sue for infringement only when the patent owner is also a plaintiff.

As to the last alleged deficiency, the silence of the license on the question of whether any rights are reserved to the patent owner, the defendant relies on authority that will not bear the weight that the defendant wishes to place upon it. To support its proposition that, "[t]he lack of each of these rights in the Ergo License indicates that such rights remain with the patent owner Ugo Hölscher and as such, Ergo did not receive all substantial rights in the '412 patent[,]" the defendant cites *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1132 (Fed. Cir. 1995). Motion at 11-12. In fact, the Federal Circuit, at that page of that opinion, lists a litany of rights that the patent owner expressly retained under the terms of the written license at issue, and then holds that the retention of all of these rights demonstrates that the licensee was just that, and not an assignee that could sue for infringement on its own. The court does *not* say that *silence* with respect to any particular rights, or rights in general, means that the patent owner retains all such rights and thereby defeats the ability of a licensee to sue on its own. As a practical matter, such a holding would simply lead to inordinately lengthy lists of "rights" assigned by a patent owner to

a licensee and the prospect that any defendant in a patent infringement action who could come up with a "right" not listed could thereby force a licensee to proceed only with the patent owner as a co-plaintiff. There certainly are no policy considerations that would favor such a result.

In its reply memorandum, the defendant cites *dictum* in *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004), which does seem to support its position, albeit in an extremely brief discussion. This court should decline the defendant's invitation, Defendant CareFusion 303, Inc.'s Reply Brief in Support of its Motion to Dismiss Plaintiff Ergo Licensing LLC's First Amended Complaint Under FRCP 12([b])(1) ("Reply") (Docket No. 150) at 4, to find in Maine law such a requirement for patent infringement cases, which arise under federal law. In any event, given my recommendation that the license granted to Baxter bars Ergo from bringing this action alone, this court need not reach the issue of the license's "silence" as to other rights, although it appears to me that an agreement that transfers "all of his rights free and clear of all liens, in and to the Patents and the Invention and any right to recover for past, present or future infringement thereof, to have and to hold without reservation and with all of the rights and appurtenances thereto belonging," License Agreement (Exh. G. to Goggin Declaration) ¶ 1(b), cannot reasonably be read to be "silent" on the question of whether the licensor retains any specific rights himself with respect to the patents or the invention. *See Dexas Int'l, Ltd. v. Office Max Inc.*, Civil Action No. 6:07cv396, 2009 WL 252166 (E.D.Tex. Jan. 28, 2009), at *6.

What is left is the defendant's contention that it is too late in the proceedings for Hölscher to be added as a plaintiff in order to remedy the standing defect that has not been resolved by the amendment to the licensing agreement, the outstanding license to Baxter. Reply at 5-6. The defendant also asserts that anything short of dismissal "would be highly prejudicial to

CareFusion[,]" and accuses the plaintiff of "prolonging this suit for nearly two years without standing[.]" *Id.* at 5. I fail to see the value to the plaintiff of such a risky "tactic," particularly where, as here, no provisional relief was sought at the outset of the action. I also fail to see the substantial prejudice to the defendant incurred in defending a suit that would have essentially been unchanged had the patent owner been a named plaintiff from the start. Hölscher is clearly the principal of Ergo. *See, e.g.,* [Transcript of] Videotaped Deposition of Uvo Hölscher (Docket No. 105-1), at 70. The defendant asserts that, if Hölscher is added as a plaintiff, it must be allowed to depose him "in his role as a party to this lawsuit, as well as propound party-specific discovery on [him], including written interrogatories and requests for admissions." Reply at 6 n.3. To the extent that it can demonstrate that such discovery will not be duplicative of that already served on or taken from Ergo, and that its proposed discovery could not have been propounded to Ergo within the original terms of the scheduling order, that may well be an appropriate request.

But first, the defendant's assertion that "Ergo has known all along that it lacked the necessary rights to bring suit as sole plaintiff and it made no attempt to join the patent owner before [the scheduling order's November 4, 2009] deadline [to join parties,]" Reply at 6, must be addressed. The defendant offers this statement, unsupported by citation to any evidence, as support for its contention that Ergo must have failed to join Hölscher in a timely manner in order to deprive the defendant of valuable discovery. *But see University of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1335 (Fed. Cir. 2009) (cited by defendant for proposition that dismissal is only proper remedy here, Reply at 7) ("[T]he record does not support the district court's statements that Pitt knew it must join Carnegie Mellon but declined to do so. Whether Carnegie Mellon is a necessary party to Pitt's infringement action is a complex question; it

6

presents novel facts that we have not previously considered in the standing context, and Pitt could have reasonably determined that Carnegie Mellon need not be joined.").

The defendant carefully does not say when it first received a copy of the license agreement between Hölscher and Ergo, but it must have been before discovery closed, and most likely before the deadline for joinder of parties. Erica J. Pascal, Esq., attests that it was produced by Ergo with the Bates numbers ERGO 69-ERGO 72, very low pages numbers indicating early production. Declaration of Erica J. Pascal in Support of Defendant CareFusion 303, Inc.'s Motion to Dismiss Plaintiff Ergo Licensing LLC's First Amended Complaint Under FRCP 12[[b])(1) (Docket No. 117-1) ¶ 9. Ergo contends that "[CareFusion] had possession of all of the relevant documents . . . more than five months ago [prior to the joinder deadline]" but "waited until the eve of the close of discovery to bring this Motion to Dismiss." Plaintiff Ergo Licensing, LLC's Opposition to Defendant CareFusion 303, Inc.'s Motion to Dismiss Ergo Licensing LLC's First Amended Complaint ("Opposition") (Docket No. 128) at 5 n.5. Thus, it is likely that it was the defendant that delayed, until four months after the deadline for joining parties, to bring this matter to Ergo's or the court's attention, allowing it to argue that it is now too late to join Hölscher.

The case law makes it fairly clear that allowing Ergo to add Hölscher to this action as a plaintiff at this point in the proceeding, as it has requested, Opposition at 17-18,[2] is the appropriate action.

> The Federal Circuit has not found that prudential standing cannot be remedied when, as here, a plaintiff has constitutional standing at the commencement of a suit. In fact, the Federal Circuit has recognized on many occasions the ability to cure prudential standing defects post filing.

---

[2] Contrary to the defendant's characterization, Ergo does not "mention[] joinder [of Hölscher] . . . only in the guise of a passing mention in its Opposition Brief[,]" Reply at 6, but rather presents a substantial argument in favor of its request, in the alternative, that the court allow it to do so.

*Positive Techs., Inc. v. LG Display Co.*, Civil No. 2:07 CV 67, 2008 WL 4425372 (E.D.Tex. Sept. 24, 2008), at *3 (citing cases). There is no dispute in this case that Ergo has constitutional standing; it is only prudential standing that is at issue. Opposition at 6-9, Reply at 2 n.1.

> Dismissal of the case without prejudice, although within the court's discretion, would result only in wasted time and money for both parties. A dismissal without prejudice would allow [the licensee] to sue again immediately, this time with the patentee as a co-plaintiff. The parties would have wasted the two years of litigation effort expended in the present case, only to see themselves again locked in battle.
>     The appropriate resolution of this issue is provided by Rule 19 of the Federal Rules of Civil Procedure, which governs joinder of indispensable parties. Where, as here, the court determines that a party is indispensable, Rule 19(a) requires that the court order that person to be made a party. Only if the indispensable party cannot be joined should the court proceed to consider whether justice can be rendered in that party's absence or whether dismissal is an appropriate remedy.

*Great Lakes Intellectual Property Ltd. v. Sakar Int'l, Inc.*, 516 F.Supp.2d 880, 894 (W.D.Mich. 2007) (citation omitted) (also reopening limited discovery). *See also Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193 (Fed. Cir. 2007). Indeed, even appellate-level amendment to correct such a jurisdictional defect has been held to be appropriate. *Intellectual Property Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1348 n.15 (Fed. Cir. 2001).

The case law cited by the defendant in support of its contention that dismissal is the only available remedy for the jurisdictional defect that I have found to exist, to the extent that I have not already discussed it above, does not support the defendant's position. In *Fieldturf*, the Federal Circuit noted that "[a]n exclusive licensee can cure a defect in standing by joining the patentee or the successor in title to the patentee[,]" and remanded to the trial court only because "the record before us is insufficient to determine whether the defects in Fieldturf's standing can be cured." 357 F.3d at 1269-70. It neither ordered nor upheld dismissal of the infringement action.

8

In *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005), dismissal was upheld only because it was Sicom's second suit that was dismissed for lack of standing, Sicom did not contest the defendants' assertion that the dismissal should be with prejudice, and Sicom had already had a chance to cure the defect and failed. *Id*. at 980.

In *Varian*, the issue was whether the dismissal should be with or without prejudice, not whether dismissal was an appropriate remedy at all. 569 F.3d at 1331, 1332, 1335 (noting that "[a]ny doubts regarding the use of dismissal as a sanction should be resolved in favor of reaching a decision on the merits." (citation and internal quotation marks omitted)).

### IV. Conclusion

For the foregoing reasons, I recommend that the motion to dismiss be **DENIED**, provided that the plaintiff adds to its amended complaint as a party-plaintiff the patentee Uvo Hölscher, no later than 10 days following the entry of this court's order, if any, adopting this recommended decision, and that the defendant file no later than 10 days thereafter a detailed description of the additional discovery that it wishes to undertake as a result of that addition. The court will then specify the discovery that the defendant may undertake, if any, and set a deadline for completion of that discovery.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 1st day of June, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge