# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ERGO LICENSING LLP, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAREFUSION 303, INC., ) <br> ) <br> Defendant. ) <br> _____) <br> ) <br> CAREFUSION 303, INC., ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> ERGO LICENSING LLP, ) <br> ) <br> Counterdefendant. ) <br> _____) | Docket no. 2:08-cv-259-GZS |

**ORDER SETTING SCHEDULING CONFERENCE**

The Court currently has under advisement in this matter the parties' respective claims construction briefs (Docket #s 137 & 139) as well as three *Daubert* motions (Docket #s 133, 142 & 144). Having preliminarily reviewed these motions, the Court hereby sets a conference of counsel to discuss setting this case for a *Markman* hearing. The Conference shall occur on August 3, 2010 at 10:00 AM.

In advance of this conference, counsel are hereby ordered to confer regarding the following questions:

(1) Should the Court construe all of the claims laid out in the parties' claims construction briefs at once or bifurcate the claims construction? More specifically, is there any benefit to the Court first construing the claims that both sides agree need to be construed and reserving the additional claims that Plaintiff briefed? Or, can the parties otherwise agree on a subset of claims the Court should construe first?

(2) Do the parties wish to have an evidentiary *Markman* hearing? If so, how much time is needed? Identify all witnesses and other evidence that each side expects to present.

(3) Is it appropriate for this Court to proceed to a *Markman* hearing and decision on claims construction even if the parties have outstanding discovery requests, such as Defendant's Motion for Additional Discovery (Docket # 176) and the productions ordered by the Magistrate Judge's July 1, 2010 Order (Docket # 175)?

(4) Would the Court benefit from a tutorial of the technology at issue in addition to the *Markman* hearing? If so, is it possible for the parties to submit such a tutorial on DVD?

After conferring and no later than July 30, 2010 at noon, the parties shall make a joint submission to the Court reflecting their responses to each set of questions. This submission shall serve as the agenda for the conference of counsel and, as such, shall also include any other issues the parties wish to discuss with the Court. To the extent the parties do not reach agreement on any of the questions listed above, the joint submission shall so note and shall state each side's respective position on the disputed issue. All counsel shall come to the conference with their respective calendars readily accessible. It is the Court's present intention to set a firm date(s) for any *Markman* hearing at the conference.

Based on its preliminary review of the fully briefed *Daubert* Motions (Docket #s 133, 142 & 144), it appears that all of these motions relate to the admissibility of expert testimony on damages. Thus, the Court may reserve ruling on these motions until after the claims construction is complete. If any party objects to the Court's plan to reserve ruling on these three motions at this time, they shall come to the conference prepared to discuss why the Court should decide these damages expert issues before (or simultaneous with) the claims construction.

SO ORDERED.

                                                  /s/ George Z. Singal
                                                  United States District Judge

Dated this 13th day of July, 2010.